FILED
U.S. DISTRICT COURT
2008 MAR -3 P 1: 24
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| WILLIAM HENRY SHERRATT, Plaintiff, v. JUDGE CHRISTINE DURHAM et al., Defendants. | Case No. 2:07-CV-264 TS<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, William Henry Sherratt, an inmate at the Utah State Prison, originally filed this *pro se* civil rights suit in the Third District Court for the State of Utah. Defendants removed the case to federal court on April 23, 2007, pursuant to 28 U.S.C. § 1441. *See* 28 U.S.C.A. § 1441 (West 2007). The case is now before the Court on Defendants' motion to dismiss.

### ANALYSIS

### I. Background

Plaintiff's Complaint alleges injuries under the United States Constitution, the Utah Constitution and various Utah statutes stemming from Plaintiff's criminal prosecution, conviction and confinement. Although difficult to decipher, the essence of Plaintiff's claims appears to be that he was wrongly convicted and that Defendants failed to properly handle his

appeals. Specifically, Plaintiff alleges that "Defendants have refused to correct, or to order any Utah inferior court to factually explore or scrutinize the issues factually; thereby knowingly allowing illegal arrest, false imprisonment and religious discrimination in Utah Courts." (Compl. ¶ 24 at 11-12.) Plaintiff's Complaint seeks declaratory relief, compensatory and punitive damages, costs and attorneys fees.

## II. Motion to Dismiss

### A. *Heck* Doctrine

Defendants move to dismiss Plaintiff's Complaint based on the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). There, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 480-82. Under *Heck*, claims for damages or release from confinement based on wrongful imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated. Id. at 487. Thus, before bringing a § 1983 suit alleging false imprisonment, malicious prosecution or similar claims a plaintiff must first "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by

2

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.

Plaintiff cannot prevail based on the facts alleged in his Complaint without undermining the validity of his conviction, sentence, or confinement, as prohibited under Heck. See Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S. Ct. 1242, 1248 (2005) ("Heck specifies that a prisoner cannot use § 1983 to obtain damages where success would *necessarily imply* the unlawfulness of a (not previously invalidated) conviction or sentence."). Because Plaintiff's allegations are inextricably linked to the validity of his conviction and confinement, the Court concludes that Plaintiff's claims are not cognizable under § 1983 absent a showing that his conviction or confinement have previously been invalidated through proper channels. Plaintiff has not made such a showing. Thus, the Court concludes that Plaintiff's claims are precluded under Heck and must be dismissed for failure to state a claim.

### b. Judicial Immunity

Defendants also move for dismissal on the basis of judicial immunity. Under Tenth Circuit precedent "[j]udges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Henriksen v. Bently,

644 F.2d 852, 855 (10th Cir. 1981). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105 (1978). The scope of the judge's subject-matter jurisdiction must be broadly construed where judicial immunity is at issue. Id. "[T]he factors in determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i. e., whether it is a function normally performed by a judge, and to the expectations of the parties, i. e., whether they dealt with the judge in his judicial capacity." Id. at 362. A judicial act is not taken in the clear absence of all jurisdiction merely because it was "in error, was done maliciously, or was in excess of [the judge's] authority." Id. at 357. Finally, "the Civil Rights Act does not impair the traditional common law immunity of judges from personal liability in damages for their official acts in matters within their jurisdiction." Kostal v. Stoner, 292 F.2d 492, 493 (10th Cir. 1961).

Even if Plaintiff could amend his Complaint so as not to call into question the validity of his conviction or confinement Defendant would still be entitled to judicial immunity from Plaintiff's claims. Plaintiff's allegations against Durham stem

exclusively from her role as Chief Justice of the Utah Supreme Court.  Durham's alleged actions, or refusals to act, with regard to Plaintiff's appeals were well within the scope of her judicial discretion.  Moreover, even if her decisions were shown to be erroneous, malicious, or in excess of her authority she would still be entitled to immunity from Plaintiff's claims.  Thus, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

### ORDER

Based on the forgoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **granted** and this case is **closed**.

DATED this 3rd day of March, 2008.

BY THE COURT:

_____
Ted Stewart
United States District Judge